IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BAUER COMPRESSORS, INC.

    Plaintiff,

v.                                                                 CIVIL ACTION NO. 2:18-CV-282

THREE RIVERS CRANE, INC.

and

WILLIAM DIVITO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's, Bauer Compressors, Inc. ("Bauer" or "Plaintiff") Motion for Default Judgment against Defendants Three Rivers Crane, Inc. ("Three Rivers") and William Divito ("Divito," jointly "Defendants"). Plaintiff has filed two exhibits and a declaration in support of its Motion. A hearing on the Motion was held on September 19, 2018. Three Rivers did not appear at the hearing, but Mr. Divito appeared *pro se*. At the hearing, the Court **GRANTED** Plaintiff's Motion. Mr. Divito also raised an Oral Motion for Extension of Time to File Answer at the hearing, which the Court summarily **DENIED**. This opinion expiates the Court's findings and disposition of these motions.

### I. FACTUAL AND PROCEDURAL HISTORY

Bauer is an air compressors manufacturing company, and part of its manufacturing process requires the use of cranes. ECF No. 1 at ¶ 8. As such, Bauer accepted a proposal from Three Rivers to purchase a 30-ton crane for $207,000.00 in or around January 2016. *Id.* at ¶ 9; *see* ECF 1-1 at 4–7. The crane was to be delivered by May 2016. *Id.* at ¶ 10. Upon accepting

1

the proposal, Bauer had already given Three Rivers $186,500.00 of the purchase price. ECF No. 1 at ¶ 11. However, Three Rivers refused or was unable to provide the crane to Bauer, and never delivered the crane. *Id.* at ¶ 12–13.

In order to make up for the missing crane, Bauer rented 60-ton cranes from a third party from March 2017 to April 2018. *Id.* at ¶ 14–15. Bauer spent $22, 685.61 from May 1, 2016 to December 22, 2017 on the rentals. ECF No. 8 at ¶ 12.

On November 14, 2017, Bauer and Three Rivers entered into a new agreement (the "November 2017 Agreement"). *See* ECF No. 1-1. Three Rivers agreed to meet deadlines for completion and installation of the crane. ECF No. 1-2. Under this agreement, Mr. Divito personally guaranteed Three Cranes' obligations up to $208,000.00. *Id.* The November 2017 Agreement also had an indemnification clause for Three Rivers and required Three Rivers to pay "all additional costs, for crane rentals, Bauer incurs as a result of [Three River's] delay in completing and installing the [crane] after November 1, 2017." *Id.* The agreement states that all disputes should be governed by Virginia law and will be litigated in the Eastern District of Virginia, Norfolk Division. *Id.* The November 2017 Agreement makes note of a previous agreement dated June 8, 2017, which Bauer does not mention in its filings. ECF No. 1-1 at 3.

Three Rivers never delivered the crane, nor did it ever meet any of the benchmarks. ECF No. 1 at ¶¶ 20–21. Therefore, Bauer terminated the November 2017 Agreement on December 22, 2017. *See id.* at ¶ 23. Bauer is currently in the process of purchasing a new crane from another vendor.

Plaintiff filed its Complaint with the above allegations for breach of contract against both Defendants on May 25, 2018. Plaintiff claims to have properly served both Defendants with process on June 1, 2018. *See* ECF No. 4. Defendants' responsive pleadings were due on June

2

22, 2018. Neither Defendant has filed any papers before the Court today. On June 28, 2018, Plaintiff requested a notice of default as to both Defendants. ECF No. 5. The Clerk of Court entered the notices that same day. ECF No. 6.

The same day, Plaintiff received a document in the mail that appears to be Defendants' *pro se* Answer. *See* ECF No. 7-1. This document is dated June 25, 2018 and has not been properly filed with the Court.

Plaintiff filed its current Motion for Default Judgment on July 12, 2018 and asks the Court to enter a Default Judgment against Three Cranes for $209,185.61 and attorney fees and against Mr. Divito for $208,000.00. ECF No. 7 at ¶¶ 52, 55. Plaintiff gave Defendants notice of the motion the same day. ECF No. 7-2. In support of its motion, Plaintiff filed a declaration of its Vice President of Finance, Leslie Rhue ("Rhue"), attesting to much of the facts laid out in the Complaint and the Motion and includes several documents to support the Motion, including copies of checks and account statements. *See* ECF No. 8. The Court held a hearing on the present motion for September 19, 2018. Three Rivers did not appear, but Mr. Divito appeared *pro se*. At the hearing, the Court

## II. LEGAL STANDARD

### A. Jurisdiction

Because a default judgment order may dispose of a matter, the Court must first satisfy itself that it has jurisdiction over the case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *In re Kirkland*, 600 F.3d 310, 315 (4th Cir. 2010). A plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum

or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

**B. Excusable Neglect**

A party may file an untimely response if "the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Excusable neglect is an equitable inquiry that considers the totality of the circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules" are generally not sufficient for excusable neglect. *Id.* at 392.

**C. Motion for Default Judgment**

The Federal Rules of Civil Procedure provide for the entry of default against a party when that party has "failed to plead or otherwise defend" its case. FED. R. CIV. P. 55(a). Federal Rule of Civil Procedure 12(a) requires that a defendant serve an answer within 21 days of being served with the summons and complaint. The Court may conduct a hearing on the motion for default judgment, if necessary, to take an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate additional matters. FED. R. CIV. P. 55(b)(2).

Default judgments are to be granted sparingly, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). Entry of default judgment is committed to the sound discretion of the Court. *Lolatchy*, 816 F.2d at 953-54.

## III. DISCUSSION

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000. Plaintiff is a Virginia corporation with its principal place of business in Virginia. ECF No. 1 at ¶ 1. Defendant Three Rivers is a Pennsylvania corporation with its principal place of business in Pennsylvania. *Id.* at ¶ 2. Defendant Mr. Divito is an individual who is a citizen and resident of Pennsylvania. *Id.* at ¶ 3. The amount in controversy is $209,185.61.

This Court has personal jurisdiction over Defendants because they have consented to the Court's jurisdiction pursuant to the November 2017 Agreement.

Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 § U.S.C. 1391 because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Virginia. Further, the parties have agreed to a forum selection clause in the November 2017 Agreement that designates this Court as the proper venue.

### B. Defendants' Unfiled Answer

The Court must first determine if Defendants' unfiled answer dated June 25, 2018 is sufficient to show that they mean to defend the case. In the nearly four months that have passed since Plaintiff initially brought its claims against them, neither Defendant has filed a single piece of paper before the Court. Defendants apparently tried to respond to Plaintiff's complaint three days after the initial deadline. However, Defendants decided to mail their responsive pleading to Plaintiff, and have not filed it before the Court. Responsive pleadings must be filed before the Court. *See* FED R. CIV. P. 5(d)(1); 12.

Because Defendants have not provided any documents to the Court, it is unclear why Defendants did not file their answer or why the answer was delayed at least three days. At the hearing, Mr. Divito stated that he had received Plaintiff's Complaint and had shown it to then-counsel for Three Rivers, a Ms. Emerson. Ms. Emerson told Mr. Divito that she could not file the answer because she was not barred in Virginia. Therefore, Mr. Divito wrote a *pro se* Answer, which he mailed to Plaintiff, with the help of "bullet points" from Ms. Emerson. While it is understandable that Defendants as citizens of Pennsylvania live significantly far from the Court, the distance does not excuse Defendants complete lack of interest in the matter. Moreover, the fact that Ms. Emerson, as Three Rivers' then-counsel, informed Mr. Divito that she could not help with the lawsuit beyond providing "bullet points," is inexcusable. Defendants' failure to follow the Federal Rules of Civil Procedure, and apparent lack of knowledge regarding the basic elements of civil litigation are not sufficient to constitute "excusable neglect." *See Pioneer Inv. Servs.*, 507 at 392. Therefore, the Court finds that Defendants have not sufficiently demonstrated excusable neglect.

**C. Motion for Default Judgment**

*1. Adequate Claims against Defendants*

The Court must first determine that Plaintiff adequately states its claims against Defendants.

    a. <u>Breach of Contract against Three Rivers</u>

Given the allegations in the Complaint, as laid out in the Factual and Procedural Background *supra*, Plaintiff claims that Three Rivers breached the November 2017 Agreement by failing to deliver the crane. *See* ECF No. 1 at ¶ 30.

Under Virginia law, a breach of contract action exists if a plaintiff can show "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Business Council*, 291 Va. 338, 344 (2016) (quoting *Ulloa v. QSP, Inc.*, 271 Va. 72, 79 (2006)).

The November 2017 Agreement is a writing that appears to be signed by both parties. The document requires Three Rivers to work with a subcontractor, G.H. Components, to gather the materials to build the crane at issue and then build the crane under certain deadlines. ECF No. 1-1 at 1–2. As such, the document appears to satisfy the first element.

It is currently undisputed that Three Rivers failed to meet any of the deadlines laid out in the November 2017 Agreement and provided Plaintiff with no reason as to the delay. As such, Three Rivers appears to have breached its contract with Bauer. It is further undisputed that Plaintiff suffered damages as a result of Three Rivers' breach. Therefore, the Court finds that Bauer adequately states a claim against Three Rivers.

b. Breach of Guaranty against Mr. Divito

Plaintiff also claims that Mr. Divito, who stated at the hearing that he was the president of Three Rivers, is personally liable for $208,000.00 of its damages. A guaranty is "'an independent contract, by which the guarantor undertakes, in writing, upon a sufficient undertaking, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person who is primarily liable to pay or perform.'" *McDonald v. Nat'l Enters., Inc.*, 262 Va. 184, 189 (2001) (quoting *B.F. Goodrich Rubber Co., Inc. v. Fisch*, 141 Va. 261, 266 (1925)). To prevail on its claim, Plaintiff "must establish, among other things, the existence and ownership of the guaranty contract, the terms of the primary obligation and default

on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract." *Id.* (quoting *Delro Indus., Inc. v. Evans*, 512 So. 2d 976, 979 (Ala. 1987)). When an individual who is an agent of a corporation also signs an agreement in his personal capacity for a personal guarantee, he is personally liable for the agreed upon amount, regardless of any questions of piercing the corporate veil. *See Samuel v. Samuel*, No. 2501-01-2, 2004 WL 135895, at *13 (Va. Ct. App. Jan. 28, 2004).

Pursuant to the November 2017 Agreement, Mr. Divito guaranteed up to $208,000.00 should Three Rivers breach its agreement. ECF No. 1 at Ex. 1 at 2. The language clearly states he "personally guarantee[s] all obligations herein of [Three Rivers] to Bauer. This guarantee is limited to $208,000.00." Furthermore, Mr. Divito's signature appears twice on the contract; once as the president of Three Rivers, and again as an individual in his personal capacity. ECF No. 1-1 at 3. The underlying obligation is Three Rivers' promise to deliver the crane, which the Court has already found that the company breached. Three Rivers has not made any repayment or remedy for Bauer's damages. The Court finds that Bauer adequately states a claim against Mr. Divito.

*2. Assessing Damages*

Plaintiff seeks to recover $209,185.61. Plaintiff first claims $186,500 from payments made in exchange for the delivery of the crane. Ms. Rhue's declaration provides the documentation for these payments: $45,000 on January 14, 2016; $51,750 on May 16, 2016; $51,750 on June 13, 2016; $38,000 on and November 28, 2016. ECF No. 8-1. Next, Plaintiff claims it is entitled to recover the rental costs it paid to rent a substitute crane while Three Rivers failed to assemble and deliver the crane at issue, totaling in $22,685.61. Plaintiff requests post-judgment interest on these damages. Plaintiff also seeks attorney fees pursuant to the November

8

2017 Agreement. Plaintiff does not seek to recover any price difference between Three Cranes' price and the price of the new vendor (although that sale is not signed yet).

As to the largest sum, the $186,500 partial purchase price, Plaintiff asserted at the hearing that this was recoverable under the January 2016 contract. Plaintiff provided in its Motion a letter from Three Rivers to Bauer dated December 24, 2015 which lays out some initial terms for the purchase of the crane. Moreover, Ms. Rhue's declaration states that the proposal was accepted in January 2016. ECF No. 8 at ¶ 6. Because Defendants failed to contest these allegations, the Court finds that Plaintiff had an enforceable contract against Three Rivers and Plaintiff is entitled to recover the $186,500 as a breach thereof.

As to the rental costs, Plaintiff seeks to recover the full $22,685.61 from May 1, 2016 to December 22, 2017. ECF No. 7 at ¶ 12. Plaintiff provided a copy of all the invoices for the rentals. ECF No. 8-2. The Court concludes that $11,664.13 is recoverable under the January 2016 agreement.[1] The Court finds that the remaining $11,021.48 is recoverable under the November 2017 Agreement.

However, the Court will not allow Plaintiff to recover all of its rental costs. The original agreement between the parties was for a 30-ton crane. *See* ECF No. 1-1 at 5. Bauer rented a 60-ton crane, sometimes even two of them. *See* ECF No. 8-2. At the hearing, Plaintiff did not show why the 60-ton crane rentals were reasonable and necessary and did not have a specific idea of what the rental cost of a 30-ton crane would be. The Court asked Plaintiff if half of the costs of renting 60-ton cranes would suffice, and Plaintiff agreed. Therefore, the Court finds that Plaintiff is entitled to only *half* of the total rental costs, or $11,342.81.

---

[1] Plaintiff originally stated that $3,598.80 of the rental costs occurred before November 1, 2017. ECF No. 7 at ¶ 49. However, Counsel corrected the math at the hearing.

9

Finally, as to the attorneys' fees, the November 2017 Agreement allows Plaintiff to recover such attorney fees stemming from enforcing the agreement. ECF No. 1-1 at 1. As such, Plaintiff may recover reasonable attorney fees, which the Court will calculate in a separate order after Plaintiff has presented the requisite filings. Plaintiff shall file the requisite documents detailing the fees within 30 days of this Order.

### D. Mr. Divito's Oral Motion for Extension to File Answer

At the hearing, Mr. Divito requested the Court to withhold judgment and grant him an extension to file his answer properly. However, given that Mr. Divito clearly received Plaintiff's Complaint and consulted with Three Rivers' then-counsel on how to respond, it is only through Defendants' own negligence that an answer was never filed. Because this does not constitute "excusable neglect," the Court denies Mr. Divito's Oral Motion.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment is **GRANTED** and Mr. Divito's Oral Motion for Extension of Time to File Answer is **DENIED**. Plaintiff is **AWARDED** $197,842.81 and attorney fees to be recovered against Three Rivers for the entire amount and against Mr. Divito, jointly and severally liable, up to and until the total amount equals $208,000. It is further **ORDERED** that Plaintiff file a Motion for Attorneys' Fees detailing the hours and billing rate within **THIRTY (30) DAYS** of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
September 26, 2018

10